# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWIN JACOB IXCHOP-AJTUN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-26-127-SLP |
| | ) |
| MARKWAYNE MULLIN et al., | ) |
| | ) |
| Respondents.[1] | ) |

## REPORT AND RECOMMENDATION

Petitioner Edwin Jacob Ixchop-Ajtun, a noncitizen[2] and citizen of Guatemala,

proceeding with counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

challenging his detention by U.S. Immigration and Customs Enforcement (ICE). United

States District Judge Scott L. Palk referred this matter to the undersigned magistrate

---

[1] "The proper respondent to a habeas petition is the person who has custody over the petitioner." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citation modified). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. But because ICE "is in complete control of detainees' admissions and release" and is housed within the Department of Homeland Security, "the Acting Attorney General of the United States [Todd Blanche] and the Secretary of Homeland Security [Markwayne Mullin]" are also appropriate respondents. *Rafati v. Barr*, Case No. 20-CIV-411, 2020 WL 12968837, at *1 (E.D. Okla. Dec. 22, 2020) (quoting *Calderon v. Sessions*, 330 F. Supp. 3d 944, 953 (S.D.N.Y. 2018)); *cf. Fonseca-Hernandez v. Longshore*, 6 F. Supp. 3d 1198, 1212 (D. Colo. 2013) ("[T]his Court concludes that either the Attorney General or [the Department of Homeland Security] Secretary is the proper respondent.").

"If a petitioner names the wrong respondent, this Court may simply substitute the correct party." *Dopp v. McCoin,* No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019). The undersigned does so here by substituting Markwayne Mullin, Todd Blanche, and Scarlet Grant as respondents.

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The Respondents filed a Response and Petitioner filed a Reply. (ECF Nos. 9 & 11). For the reasons set forth below, the undersigned recommends that the Court grant the Petition, in part, and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

## I.    BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States on or about February 20, 2015 without inspection or admission near the border, and was taken into immigration custody on the same day. (ECF Nos. 1:2, 9:11). On March 10, 2015, after establishing a credible fear of persecution or torture in his native country, ICE placed Petitioner into removal proceedings before the Immigration Court through the issuance of a Notice to Appear. (ECF No. 1:2, 9-1, 9-3). On March 24, 2015, Petitioner was released from ICE custody on bond. (ECF No. 9-2). On or about March 12, 2016, Petitioner filed a Form I-589 Application for Asylum. (ECF No. 9-3). On October 14, 2022, DHS officials moved to administratively close Petitioner's removal proceedings and the Court granted the Motion. *See* ECF No. 9-4. On December 5, 2022, ICE officials cancelled Petitioner's bond. (ECF No. 9-5).

During a traffic stop on October 27, 2025, ICE officials determined that Petitioner was an "inadmissible" alien, thereafter arresting him and transporting him to the Logan County Jail. (ECF No. 9-6). On March 9, 2026, an Immigration Judge denied Petitioner's applications for asylum and related relief and granted voluntary departure. See ECF No. 13-2. However, because Petitioner has filed an appeal and the order is not

administratively final, the parties agree that the issues presented in the habeas Petition remain at issue and are ripe for adjudication. (ECF No. 13).

## II.  PETITIONER'S CLAIMS

Petitioner asserts three counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA.

- **Count II: Violation of the Administrative Procedure Act ("APA")**. Petitioner alleges his detention exceeds Respondents' statutory authority and is in violation of the APA.

- **Count II: Violation of Due Process**. Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his Fifth Amendment right to due process.

(ECF No. 1:19-22). Petitioner asks the Court to "issue a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days." (ECF No. 1:22). Petitioner also requests additional injunctive and declaratory relief as well as an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[3] (ECF No. 1:23).

## III.  STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through

---

[3] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    SECTION 1226(A) APPLIES TO PETITIONER'S DETENTION

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner argues he is being held in violation of the INA and § 1225(b)(2) does not apply to all noncitizens residing in the United States who are inadmissible.  (ECF No. 1:9-16). Petitioner contends that "**§ 1226(a), not § 1225(b), governs detention of noncitizens who are not apprehended upon arrival.**" (ECF No. 1:12). Finally, Petitioner argues that "the mandatory detention provision of § 1225(b)(2)(A) does not apply to people like Petitioner, who were affirmatively released from expedited removal

custody pursuant to INA § 212(d)(5), had any § 235(b) authority extinguished as a matter of law, and were residing in the United States at the time of re-apprehension." (ECF No. 1:16).

Respondents contend Petitioner is an "applicant for admission" and properly detained under § 1225(b)(2)(A). (ECF No. 9:12-15). Respondents also contend that Petitioner is "seeking admission" based on the fact that he filed for asylum in 2016. (ECF No. 9:12-13). According to Respondents, "neither the duration of an alien's unlawful presence in the United States nor his distance from the border when apprehended alters the legal reality that an 'applicant for admission' is 'seeking admission.' " (ECF No. 9:14).

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue.  For the reasons stated below, and adopting this Court's reasoning in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the undersigned recommends the Court grant the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the terms "applicant for admission" and, in particular, "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens living in the United States when detained. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025). If all "applicants for admission" are also "seeking admission," then

§ 1225(b)(2)(A)'s inclusion of the phrase "seeking admission" would be redundant and superfluous. *Lopez*, 2026 WL 165490, at *4. The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation modified). Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, regarding Respondents argument concerning Petitioner's application for asylum, Judges in this District have held that an alien's efforts to gain legal status after having entered without admission do not render him subject to § 1225(b)(2)(A). *See, e.g., Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026) (rejecting Respondents' argument that Petitioner is seeking admission and § 1225(b)(2)

therefore applies because he filed a Form I-589 asylum application during his removal proceedings); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (concluding "a pending asylum application does not render § 1225(b)(2)(A) applicable to Petitioner"); *Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (finding "§ 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum"); *Medina-Herrera v. Noem*, No. CIV-25-1203-J, 2025 WL 3460946, at *4 (W.D. Okla. Dec. 2, 2025) (rejecting Respondents' argument that Petitioner is seeking admission by filing an application to cancel removal proceedings and finding that a 42B application "does not transform [petitioner] into a person 'seeking admission' within § 1225(b)(2)'s context"). As a result, the Court should find that Petitioner's application for asylum do not render him "seeking admission" and subject to § 1225(b)(2)(A).

In sum, this Court, Chief Judge DeGiusti, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[4] *See Norboev v. Lyons*, No. CIV-26-107-SLP, 2026 WL 497800, at *2 (W.D. Okla. Feb. 23, 2026) (finding § 1226(a) governs a similarly situated

---

[4] *See, e.g., Lopez*, 2026 WL 165490, at *7; *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez*, 2025 WL 3709021, at *3; *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025); *Urbina Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at *4 (W.D. Okla. Dec. 8, 2025). Two Judges in the District have applied § 1225(b)(2)(A). *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (finding "§ 1225 unambiguously applies to" a similarly situated petitioner); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025) (finding "§ 1225 unambiguously deems [p]etitioner an 'applicant for admission' who is 'seeking admission'").

petitioner's detention and "join[ing] the decision reached by the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner"). This Court has found the plain language, legislative history, and past immigration practices all support a finding that "Petitioner's detention is not governed by § 1225(b)(2)." *Lopez*, 2026 WL 165490, at *7. The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A).

This conclusion is also in accord with the Seventh Circuit, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). *But see Avila v. Bondi*, --- F.4th ---, 2026 WL 819258, at *1 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (agreeing with Respondents' interpretation).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven business days or otherwise release him if he does not have a lawful bond hearing within that period.

## V. PETITIONER'S REMAINING CLAIMS

Petitioner also argues his continued detention without a bond hearing violates his right to due process and is in violation of the APA. (ECF No. 1:20-22). If the Court grants

Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of the due process and APA claims based on his continued detention. *See, e.g.*, *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *6 n.3 (W.D. Okla. Dec. 16, 2025) (declining to decide the merits of Petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## VI.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may to object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Any objection must be filed not later than **April 29, 2026**. *See id*. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **May 4, 2026**. See Fed. R. Civ. P.72(b)(2). The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VII.    STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on April 22, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE