**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

EDWIN JACOB IXCHOP-ATJUN,      )
                                       )
      Petitioner,                 )
                                       )
v.                                )
                                     )    Case No. CIV-26-127-SLP
MARKWAYNE MULLIN, et al.,      )
                                     )
      Respondents.          )

**O R D E R**

Petitioner Edwin Jacob Ixchop-Atjun, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 14] (R&R) of United States Magistrate Judge Shon T. Erwin. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 15] and the matter is at issue. The Court reviews de novo any portion of the R&R to which Respondents have made specific objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, IN PART, the Petition.

Petitioner, a citizen of Guatemala, entered the United States on or about February 20, 2015, where he was detained by immigration officials that same day. On March 10, 2015, he was placed into removal proceedings by U.S. Immigration and Customs Enforcement (ICE). Petitioner was released on bond from ICE custody on March 24, 2015. In March of 2016, Petitioner filed a Form I-589 Application for Asylum. An immigration

judge administratively closed Petitioner's removal proceedings on October 14, 2022 and Petitioner's bond was cancelled by ICE officials on December 5, 2022.

On October 27, 2025, ICE apprehended Petitioner during a traffic stop.  Petitioner has been continuously detained without a bond since his arrest pursuant to the mandatory detention provision set forth in § 1225(b)(2)(A).[1] Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma.[2]

On January 26, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act, a violation of his due process rights under the Fifth Amendment to the United States Constitution.  R&R [Doc. No. 16] at 2–3; Pet. [Doc. No. 1].  Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  As relief, Petitioner seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or, in the alternative, release from custody.

The R&R recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period.  The Magistrate Judge also recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of

---

[1] After being detained, an immigration judge denied Petitioner's application for asylum on March 9, 2026.  Petitioner has filed an appeal of the immigration judge's decision.
[2] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited May 7, 2026).

the Court's Order. Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's Administrative Procedures Act and due process claims.[3]

Respondents object to the R&R, arguing that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A). Respondents ask that the Court find that Petitioner's detention is governed by § 1225(b)(2) in light of the reasoning provided in the decisions of the Fifth Circuit and the Eighth Circuit, as well as two decisions from other Judges within this judicial district. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026); *Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at **3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302 at **5-12 (W.D. Okla. Dec. 26, 2025). However, the Court has previously considered such authority and found that the cases do not alter the Court's conclusion that 8 U.S.C. § 1226(a) applies to individuals similar to Petitioner. *See*, *e.g.*, *Abhishek v. Holt*, No. CIV-26-221-SLP, 2026 WL 852091, at *2 (W.D. Okla. Mar. 27, 2026). The Court's conclusion is also in accord with the Eleventh Circuit, Second Circuit, and Seventh Circuit, who have rejected the statutory interpretation of §1225(b)(2) as urged by Respondents. *See generally Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, --- F.4th ---, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, No. 25-3141-PR, --- F.4th ---, 2026 WL 1146044 (2d Cir. April 28, 2026);

---

[3] Neither party has objected to the Magistrate Judge's recommendation that the Court need not address Petitioner's Administrative Procedures Act and due process claims. *See* R&R at 8-9. The Court concurs with that recommendation and dismisses such claims without prejudice.

*Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). Accordingly, the Court finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 14] is ADOPTED and the Petition [Doc. No. 1] is GRANTED in PART. The Court DIRECTS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

A separate judgment shall be entered.

IT IS SO ORDERED this 7th day of May, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

4